Shader v. Shader, No. 402-9-03 Wmcv  (Carroll, J., Nov. 3, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**WINDHAM COUNTY, SS.**

**EPHRAIM CALVIN SHADER,**
　　　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**WINDHAM SUPERIOR COURT**
　　　　　　　　　　　　　　　　　　**DOCKET NO. 402-9-03 Wmcv**

**LANCE SHADER and**
**ANDREA SHADER,**
　　　　　**Defendants.**

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

　　　Ephraim Shader, Lance Shader's 87-year-old  father, has lived in a condominium owned by his son and daughter-in-law, Andrea, for about seven years.  After Lance and Andrea asked Ephraim to vacate, and then hired an agent to threaten to evict him when he refused to do so, Ephraim brought this action for either a declaration that he is entitled to stay in the condominium for the rest of his life or an order that Lance and Andrea pay him $101,500, plus punitive damages and attorneys fees.  Currently pending is Defendants Lance and Andrea Shrader's Motion for Summary Judgment.  The Court concludes that Plaintiff Ephraim Shrader is not entitled to stay in the condominium as a matter of law, under either a contract theory or an equitable theory.  However, questions of fact remain as to whether (and to what extent) Ephraim may be entitled to money damages under an unjust enrichment or constructive trust theory.

Moreover, questions of fact remain as to whether Lance and Andrea's conduct was outrageous enough to support an award of further damages for intentional infliction of emotional distress. Accordingly, the Motion for Summary Judgment is **GRANTED IN PART and DENIED IN PART**.

## I. Summary Judgment

Summary judgment is appropriate if, viewing the evidence favorably to the non-moving party and giving him the benefit of all reasonable doubts and inferences, the Court determines that there are no genuine questions of material fact and the moving party is entitled to judgment as a matter of law on each cause of action. See Select Designs, Ltd. v. Union Mut. Fire Ins. Co., 165 Vt. 69, 72 (1996).

## II. Background

Prior to 1996, Ephraim Shrader lived in Australia and had little contact with his son, Lance. In 1996, however, Ephraim was going through a divorce and decided he might like to return to this country and get to know his son and grandchildren better. He came to visit Brattleboro and stayed with Lance and Andrea for about a month. The visit was a success: everyone got along and Ephraim decided he would like living in Vermont. Ephraim then returned to Australia, sold his home there, and moved to Brattleboro in 1997. He initially lived with Lance and Andrea, but planned to use his savings to buy a small house of his own.

Meanwhile, Lance and Andrea owned a condominium in Brattleboro which was burdened with a mortgage and tax lien. According to Ephraim, Lance proposed that if Ephraim

gave Lance $101,500 to pay off the mortgage and tax lien, Ephraim could live in the condominium for the rest of his life.[1]  Ephraim agreed and gave Lance a check for $101,500, a substantial portion of his savings.

Ephraim moved into the condominium in January 1998 and has lived there ever since. Originally, Lance paid the condominium association fees and periodic assessments, but in 2000, Ephraim started making these payments at Lance's request.  Then, in July 2003, Lance informed Ephraim that he intended to sell the condominium.  Lance offered Ephraim money to relocate, but Ephraim refused.  Lance then hired a third-party agent who threatened eviction, causing Ephraim to file this suit.

### III.  Analysis

Ephraim sets forth five causes of action: breach of contract (Count 1); breach of covenant of good faith and fair dealing (Count 4); equitable estoppel (Count 3); unjust enrichment (Count 2); and intentional infliction of emotional distress (Count 5).[2]  Both Lance and Andrea argue that they are entitled to judgment as a matter of law on the merits of each claim.  Additionally, Andrea argues that since she did not participate in any discussions with nor make any promises to Ephraim regarding the condominium, she cannot be liable under any of these theories.

#### A.  Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing

---

[1]  Lance disputes this, acknowledging receipt of the $101,500 but saying that it was a pure gift from his father, with no promises made.  For purposes of this summary judgment motion, of course, the Court accepts Ephraim's version.  Contrary to Lance's suggestion, evidence that Ephraim wrote "gift" on the check does not establish that it was purely a gift, particularly in light of Ephraim's testimony that he did this at Lance's instruction, for tax purposes.

[2]  The Court is addressing the Counts in the order it consider most logical, which is why

3

An oral promise to convey an interest in real property is unenforceable in a legal action for breach of contract. 12 V.S.A. § 181(5); see also 27 V.S.A. § 302 (purported conveyance of any interest in real property without written instrument has the effect of conveying only a tenancy at will). Thus, since Lance's alleged promise of a tenancy for life was oral, it is unenforceable under a breach of contract theory as a matter of law. Moreover, since there was never an enforceable contract, no covenant of good faith and fair dealing was ever implied and, thus, there can be no action for its breach. Cf. Carmichael v. Adirondack Bottled Gas Corp., 161 Vt. 200, 208 (1938)(covenant of good faith is implied in every contract). Accordingly, summary judgment must be granted on Counts 1 and 4.

## B. Equitable Enforcement

In Count 3, Ephraim asks the Court to specifically enforce Lance's promise in equity, even if it is not enforceable in contract, because Ephraim relied on the promise to substantially and irretrievably change his position, such that injustice can be avoided only by enforcing the promise. See In re Estate of Gorton, 167 Vt. 357 (1997). To equitably enforce an oral promise to convey an interest in land despite the statute of frauds, however, the reliance must be something beyond injury compensable by money. See Chomicky v. Buttolph, 147 Vt. 128, 131-32 (1986). Here, Ephraim's only reliance was in giving money to Lance, and this change in position can be rectified, to the extent the fact-finder finds it appropriate, by an award of money damages.[3]

---

they are not in numerical order.

[3] Ephraim argues that he also relied on the promise by selling his house in Australia and moving himself and his furniture to Brattleboro. Ephraim's own testimony, however, is that he had planned to move to Brattleboro and buy a home there even before Lance made his proposal

In his argument, Ephraim discusses promissory and equitable estoppel and cites numerous cases that do not involve specific enforcement of oral promises to convey land despite the statute of frauds. See, e.g., Tour Costa Rica v. Country Walkers, Inc., 171 Vt. 116 (2000) (theory of promissory estoppel invoked to support award of monetary damages). Whatever it is called, however, no equitable theory can support specific enforcement of an oral promise to convey a lifetime tenancy where, as here, the promisee's reliance was purely monetary and he can be put back in his pre-reliance position by an award of money damages. It follows that summary judgment should be granted for Lance and Andrea on Ephraim's claim for specific enforcement based on equitable estoppel; therefore, the motion is granted as to Count 3.

### C. Unjust Enrichment/Constructive Trust

When a defendant has received money under circumstances that make it inequitable to allow the defendant to keep the money without compensating the plaintiff, compensation of the plaintiff to avoid unjust enrichment of the defendant will be required as a matter of equity, sometimes through the device of a "constructive trust." See Legault v. Legault, 142 Vt. 525, 529-30 (1983). The inquiry is whether, in light of all the circumstances and "based on a broad view of the human setting involved," "it is against equity and good conscience to allow defendant to retain what is sought to be recovered." Id. at 531.

Viewing the evidence favorably to Ephraim, a fact-finder could find that Lance promised his eighty-year-old father he could live in the condominium for the rest of his life to induce Ephraim to give Lance $101,500, a substantial portion of Ephraim's savings; that after Ephraim had lived in the condominium about six years, Lance began asking him to leave; and that when

about the condominium.

5

Ephraim said he would not leave, Lance hired a third-party agent to threaten him with eviction. A fact-finder could also find that Lance, an attorney, must have known the oral promise would be unenforceable; and could also find that eighty-year-old Ephraim turned to Lance and trusted him for legal and financial advice. Based on a broad view of the human setting involved, these circumstances are certainly sufficient to create a genuine issue of material fact regarding the equities of allowing Lance and Andrea to retain the $101,500 Ephraim gave Lance seven years ago.

Lance and Andrea point out that Ephraim has lived in the condominium without paying rent for seven years, and that this should offset the gift of $101,500. Although this is an argument that can be made to the fact-finder, the possibility of a setoff for the value of rental payments foregone by Lance and Andrea and saved by Ephraim does not negate the existence of a genuine issue as to Ephraim's entitlement to some money damages as a matter of equity.

Thus, summary judgment will be denied on Count 2.

### D.  Intentional Infliction of Emotional Distress/Punitive Damages

In their summary judgment motion, Lance and Andrea do not directly address the merits of the intentional infliction of emotional distress claim, but instead argue that the evidence cannot support a claim for punitive damages as a matter of law.

When a claim for intentional infliction of emotional distress is asserted, the threshold question for the Court is whether a fact-finder could reasonably find that the conduct at issue is "so outrageous and extreme as to go beyond all possible bounds of decency." Jobin v. McQuillen, 158 Vt. 322, 327 (1992). And when a request for punitive damages is made, the question is whether a fact-finder could reasonably find the conduct at issue is "truly

6

reprehensible," indicating "bad spirit and wrong intention," i.e. malice. <u>Brueckner v. Norwich Univ.</u>, 169 Vt. 118, 129 (1999). These standards are not identical, since the former focuses on the outrageousness of the conduct itself and the latter focuses on the degree of culpability on the part of the actor based on the actor's state of mind. Nonetheless, these standards are close and interwoven, since an actor's culpable state of mind is reflected in, and often must be inferred from, the outrageousness of his conduct. Thus, it seems probable that in most cases where there is evidence from which a fact-finder could find the conduct outrageous enough to support a finding of intentional infliction of emotional distress, there will also be sufficient evidence from which a fact-finder could find the requisite conduct to support a punitive damage award, see, e.g., <u>Crump v. P & C Food Markets, Inc.</u>, 154 Vt. 284, 296-98 (1990). That is the case here.

As described above, and viewing the evidence in the light most favorable to Plaintiff, a fact-finder in this case could reasonably find the following: that Lance, Ephraim's son and an attorney, used his position of trust to induce his eighty-year-old father to give him a substantial portion of the father's savings in return for a promise that the father could stay in the son's condominium for the rest of his life; that six years later, after their relationship had deteriorated, Lance and Andrea told the then eighty-six or eighty-seven-year-old father he had to leave; and that when the father did not leave, they hired an agent to threaten to evict him. The Court understands that Lance and Andrea have evidence of circumstances which arguably mitigate the apparent outrageousness of their conduct. This is a Motion for Summary Judgment, however; and in the Court's view, a fact-finder who believes Ephraim's evidence could find the alleged conduct outrageous and extreme enough to go beyond all possible bounds of decency. Moreover, that fact-finder could also find the alleged conduct reprehensible and mean spirited

7

enough to indicate malice and support punitive damages.[4]

The Court thus concludes that summary judgment should be denied on Count 5 as well.

### E. Andrea's Liability

Andrea has moved for summary judgment on the grounds that she cannot be liable under any of these theories because she was not involved in the discussions between Lance and Ephraim regarding the condominium. In response, however, Ephraim has filed a document showing that just two days before the alleged oral agreement was made, Andrea signed a limited power of attorney authorizing Lance to act for her "to do any act in connection with the mortgaging of real property" she owns in Brattleboro. Andrea has not responded with an explanation or rebuttal, and the Court concludes there is at least a question of fact as to whether this language would include the kind of agreement to encumber real property allegedly made by Lance in return for Ephraim's check, which was presumably in lieu of obtaining an additional mortgage on Lance and Andrea's Brattleboro property at that time. Accordingly, Andrea's Motion for Summary Judgment on this ground will be denied.

### ORDER

Defendants' Motion for Summary Judgment is **GRANTED** with respect to Count 1 (breach of contract), Count 4 (breach of covenant of good faith and fair dealing), and Count 3 (equitable estoppel as a basis for specific performance).

---

[4] Lance and Andrea cite <u>Murphy v. Stowe Club Highlands</u>, 171 Vt. 144, 155 (2000), for the proposition that punitive damages cannot be awarded for breach of contract unless the actions alleged are "akin to a willful and wanton, or fraudulent, tort." <u>Murphy</u> does not help Defendants, however, since Ephraim only seeks punitive damages in Count 5, which alleges the tort of intentional infliction of emotional distress. In any case, the actions Ephraim alleges could reasonably be considered "akin to a willful and wanton, or fraudulent, tort."

Defendants' Motion for Summary Judgment is **DENIED** with respect to Count 2 (unjust enrichment/constructive trust) and Count 5 (intentional infliction of emotional distress).

Andrea's separate Motion for Summary Judgment is **DENIED**.

Dated:

_____
Karen R. Carroll
Presiding Judge